## No. 4814.

### STATE OF LOUISIANA *v.* JAMES GALLAGHER.

After the regular panel of jurors was exhausted, and only four jurors therefrom had been sworn, the district judge ordered the sheriff to summon and select one hundred talesmen to appear on the following day to complete the jury, and continued the case. The challenge to the whole array of the talesmen when produced, was properly overruled.

If the jury can not be completed by summoning bystanders, recourse may be had to other persons not within the presence of the court or its vicinity.

It is not said in the challenge that there were any bystanders present when the panel was exhausted, and this court is bound to presume, in the absence of proper evidence to the contrary, that the district judge and the officers of the court *a qua* did their duty.

APPEAL from the First District Court, parish of Orleans. *Abell, J.* Criminal case. *D. Goldman* and *James C. Walker,* for defendant and appellant. *A. P. Field,* Attorney General, for the State.

MORGAN, J. The defendant was indicted for murder, convicted of manslaughter, and sentenced to seven years imprisonment at hard labor. He has appealed. After the regular panel of jurors was exhausted, and only four jurors therefrom had been sworn, the district judge ordered the sheriff to summon and select one hundred talesmen to appear on the following day to complete the jury, and continued the case. On the following day, when Louis Ackerman was called to serve as a talesman, he being one of those summoned as above stated, and before he was sworn, the accused challenged the whole array of talesmen jurors, on the ground that the jurors in question were not drawn by the sheriff of the criminal court from any jury box containing the names of all persons liable to jury duty residing within the limits of the parish of Orleans, but that they were selected by the sheriff from certain portions of the parish, and that they were in no sense jurors *de talibus circumstantibus,* and had not been obtained from among the bystanders within the vicinity of the courthouse during the trial.

This, the counsel appointed by this court to defend the prisoner, assigns as error apparent on the record.

The replication of the attorney general shows that the regular panel having been exhausted and only four jurors having been obtained therefrom, the court ordered the sheriff to cause to be summoned one hundred good and lawful men as talesmen to serve as jurors in the case, and that in obedience to said order the sheriff produced in court the jurors so summoned.

In the State *v.* Bunger, 14 An. 464, the case is thus put by the court: "The sheriff having summoned the talesmen out of the presence of the court, and when the court adjourned over from day to day, it is contended that the persons so summoned were not bystanders, and as such not liable to serve as jurors. The counsel states in his brief: on this point, I am aware that the later American decisions have greatly relaxed the English common rule, but I contend that Louisiana has

adopted the common law of England as it stood in 1805, and that the late innovations on this well established principle of the common law do not apply to this State. The rule is undoubtedly as laid down by counsel, but it is obvious that if the jury can not be completed by summoning bystanders, recourse may be had to other persons not within the presence of the court. The bill of exceptions does not set this matter right before the court, and we are bound to presume, in the absence of proper evidence to the contrary, that the district judge and the officers of the court did their duty on this occasion. If the sheriff did not act with impartiality toward the accused, as the latter complains, that was a matter of fact which ought to have been submitted to the district judge, and which rested in his sound discretion."

The object of the law is to secure a fair trial to the accused and his punishment if guilty. In this case, we fail to see in what respect the prisoner's rights have been invaded by the course pursued by the district judge at the instance of the Attorney General. He does not complain in his challenge to the array of the mode by which the talesmen were summoned; he simply objects that they were selected by the sheriff from certain portions of the parish of Orleans, instead of being taken from among the bystanders within the vicinity of the courthouse during the trial. It does not say that there were any bystanders present when the panel was exhausted, and we are bound to presume in the absence of proper evidence to the contrary, that the district judge and the officers of court did their duty on the occasion.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.